UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JADARIUS SIMMONS,              )        **COMPLAINT**

                Plaintiffs,   )        **JURY TRIAL DEMANDED**

   -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE OFFICER ROBERT UHL, Shield No.
31803; JOHN DOES and RICHARD ROES,

                Defendants.
---------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on September 11, 2015.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiff at all times relevant herein was a resident of the State of New York, County of New York.  Plaintiffs is African-American.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

2

9.      Defendants UHL and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants UHL and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants UHL and JOHN DOES are sued individually and in their official capacity.

10.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     On June 21, 2015, shortly after midnight, Plaintiff and three others were on the sidewalk in front of 102 W. 114 Street, New York, NY.

12.     Plaintiff had just finished a cup of juice that he had purchased at Popeye's Chicken restaurant, and had the empty cup with him.

13.     Plaintiff at no point had any alcoholic beverage in the cup.

14.     A number of JOHN DOES members of the NYPD, including Defendant UHL, stopped Plaintiff and his companions, without any cause or justification.

15.     Plaintiff and his companions were unlawfully searched by the JOHN DOES, including Defendant UHL.

16.     The JOHN DOES, including Defendant UHL, detained Plaintiff and his companions on the sidewalk against their will for approximately ½ an hour.

17.     Defendant UHL issued Plaintiff a summons, falsely charging him with possessing an open container of alcohol.

18.     Plaintiff had to appear in Criminal Court on two occasions to answer the bogus summons.

19.     The bogus charge against Plaintiff was dismissed for failure to prosecute on September 10, 2015.

4

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

20.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21.     By their conduct and actions in falsely arresting and imprisoning, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to due process of, unlawfully searching and seizing, violating rights to free speech and / or association of, inflicting emotional distress upon, failing to intercede on behalf of, violating rights to equal protection of, and fabricating an account and /or evidence with regard to, Plaintiff, Defendants UHL and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

22.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

23.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

25.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

26.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs,

and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

29.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

30.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

31.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

32.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33.     The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

34.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

35.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

38.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

39.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

41.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## VIOLATION OF THE EXERCISE

**OF RIGHTS TO FREE SPEECH AND / OR ASSEMBLY**

44.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45.     By the actions described above, defendants violated the free speech and / or assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

**ABUSE OF PROCESS**

47.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.     By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

10

49.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

50.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

52.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered

11

psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENCE

56.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

59.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered

psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## CONSTITUTIONAL TORT

62.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

64.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

65.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## MALICIOUS PROSECUTION

66.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

13

68.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            September 19, 2016

                                    __/S/__ Jeffrey A. Rothman____
                                    JEFFREY A. ROTHMAN, Esq.
                                    Law Office of Jeffrey A. Rothman
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980

                                    Attorney for Plaintiff

14